UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC BOONE,

       Plaintiff,                                Civil Action No. 21-cv-11492
                                                    HON. BERNARD A. FRIEDMAN

v.

MERRICK GARLAND, *et al.*,

       Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

I.    Introduction

Eric Boone filed a *pro se* complaint naming five defendants: United States Attorney General Merrick Garland, former Bureau of Prisons Director Michael Carvajal, Warden Jonathan Hemingway, Lieutenant Gilbert, and FCI Milan. He asserts claims under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), alleging violations of the First, Fifth, and Eighth Amendments. After reviewing the allegations, the Court will dismiss the complaint because it fails to state a plausible claim for relief. 28 U.S.C. § 1915(e)(2)(B).

II.     Background

    A.     *Allegations*

Boone was incarcerated at the Federal Correctional Facility in Milan, Michigan (FCI Milan) when he filed the complaint. He has since been released to a halfway house located in Texas. (ECF No. 4).

Boone sues the individual defendants in their official and individual capacities. He challenges several conditions of his confinement, including interference with legal mail and lack of access to the courts, deliberate indifference to his right to receive legal mail, his treatment when housed in the special housing unit, and retaliatory actions initiated in response to filing lawsuits complaining about the conditions of his confinement. He seeks $125,000 in punitive damages and unspecified injunctive relief.

    B.     *In Forma Pauperis Application*

Boone now applies for leave to proceed *in forma pauperis*. (ECF No. 2.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner who wishes to proceed *in form pauperis* in a civil action must pay the full filing fee. *See* 28 U.S.C. § 1915(b). The PLRA provides the prisoner the opportunity to pay the fee in monthly installments. *Id*. When, as in this case, a prisoner is released before the fee is paid, "the obligation to pay . . . fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A court may authorize a plaintiff to commence an action without paying the filing fee, and waive payment of the fee, if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Based upon the representations in his affidavit, the Court finds that Boone cannot pay court costs without undue hardship and grants his application to proceed *in forma pauperis*. The filing fee is waived because Boone is no longer incarcerated.

III. Legal Standards

When a plaintiff establishes indigence, a district court must screen the complaint as mandated in 28 U.S.C. § 1915(e)(2). *McGore*, 114 F.3d at 608. The Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief,"

as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The rule's purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555.

IV. Analysis

Boone's contentions lack merit for several reasons. Starting with FCI Milan, a federal correctional institution is not a person or entity subject to suit under *Bivens*. *See Garrison v. Carr*, No. 21-488, 2021 WL 3930088, at *2 (N.D. Tex. Sept. 2, 2021) (collecting cases). So Boone's claims against FCI Milan must be dismissed at the outset.

The remaining individual defendants are named in their individual and official capacities. Official capacity suits against federal employees are generally treated as suits against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Insurance. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations omitted). A waiver cannot be implied, it must be expressed unequivocally. *United States v. Testan*, 424 U.S. 392, 399 (1976). Because the United States has not waived its immunity to a *Bivens* action, Boone

4

may not sue the individual defendants in their official capacities under *Bivens*. *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989).

With respect to the individual capacity allegations, Boone fails to show how Garland, Carvajal, and Hemingway personally contributed to the violations alleged in the complaint. Basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *Twombly*, 550 U.S. at 555 (holding that, to state a plausible claim for relief, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *see also* Fed. R. Civ. P. 8(a). A complaint must allege each defendant's personal involvement in the alleged violation of federal rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint" is insufficient to satisfy these basic pleading requirements. *Gilmore v. Corrections Corporation of America*, 92 F. App'x 188, 190 (6th Cir. 2004). In view of the foregoing, Boone fails to allege plausible claims for relief against Garland, Carvajal, and Hemingway.

That leaves Lieutenant Gilbert. Boone makes a single allegation, claiming that Gilbert abused his discretion when he placed Boone in the segregated housing unit. (ECF No. 1, PageID.18).

The Supreme Court has exclusively recognized three contexts in which a *Bivens* action may be asserted against federal officials for constitutional violations:

> (1) under the Fourth Amendment for a violation of the prohibition against unreasonable searches and seizures of a private citizen's residence, *Bivens*, 403 U.S. at 389, 397;
>
> (2) under the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 230–31, 248–49 (1979); and
>
> (3) under the Eighth Amendment for failing to provide adequate medical treatment to a prisoner, *Carlson v. Green*, 446 U.S. 14, 16 n.1, 19 (1980).

*Hower v. Damron*, No. 21-5996, 2022 WL 16578864, at *2 (6th Cir. Aug. 31, 2022). Expanding *Bivens* beyond these three contexts is "a disfavored judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quotation omitted).

Boone provides no supporting authority for employing *Bivens* to challenge his placement in a segregation housing unit. Given the Supreme Court's steadfast refusal over the past 30 years to expand *Bivens* to new contexts, the Court declines to push those boundaries here. *Bistrian v. Levi*, 912 F.3d 79, 94-95 (3d Cir. 2018) (finding no *Bivens* remedy for plaintiff's challenge to placement in a segregated housing unit).

Boone lastly challenges the conditions of his confinement within the segregated housing unit. (ECF No. 1, PageID.18). But Boone does not claim that Gilbert had any control over, or in any way contributed to, the conditions of the unit. *See Twombly*, 550 U.S. at 555. And the Supreme Court has held that a federal inmate's lack of access to basic hygiene products, exposure to random and frequent strip searches, as well as limited communication with the outside world, do not fall within the narrow category of recognized *Bivens* claims. *Abbasi*, 137 S. Ct. at 1853, 1863, 1865. For all these reasons, Boone has no actionable remedy under *Bivens*. Accordingly,

IT IS ORDERED that Boone's application to proceed *in forma pauperis* (ECF No. 2) is granted.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that Boone may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: February 15, 2023
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on February 15, 2023.

**Eric Boone** #30189-057
800 West Wintergreen Ave.
Hutchins, TX 75141

s/Johnetta M. Curry-Williams
Case Manager